# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CELEBRATION IP LLC,** | Case No. |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **POWERCELL LLC D/B/A ZEUS BATTERY,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Celebration IP LLC ("Plaintiff"), through its attorneys, complains of Powercell LLC d/b/a Zeus Battery ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Celebration IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1091, Plano, TX 75093-8121.

2. Upon information and belief, Defendant Powercell LLC d/b/a Zeus Battery is a company organized and existing under the laws of Delaware with a principal place of business at 191 Covington Dr., Bloomingdale, IL 60108. Upon information and belief, Defendant can be served through its registered agent Business Filings Incorporated, 108 West 13th St., Wilmington, DE 19801.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have engaged in systematic and continuous business activities in this District. As described below, Defendants have committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement in this District, and Defendant is incorporated in in this District. In addition, Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,346,795 (the "'795 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '795 Patent

8. The '795 Patent is entitled "Discharge control circuit of batteries," and issued 2/12/2002. The application leading to the '795 Patent was filed on 1/26/2001. A true and correct copy of the '795 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '795 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '795 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement.** Defendant has directly infringed one or more claims of the '795 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '795 Patent also identified in the charts incorporated into this Count below (the "Exemplary '795 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '795 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has directly infringed, literally or under the doctrine of equivalents, the Exemplary '795 Patent Claims, by having its employees internally test and use these Exemplary Products.

13.     Exhibit 2 includes charts comparing the Exemplary '795 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '795 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '795 Patent Claims.

14.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15.     Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement.

## JURY DEMAND

16.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '795 Patent is valid and enforceable;

B. A judgment that Defendants have infringed, one or more claims of the '795 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' infringement with respect to the '795 patent;

E. And, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 31, 2022                    Respectfully submitted,

                                        CHONG LAW FIRM PA

                                        */s/Jimmy Chong*
                                        Jimmy Chong (#4839)
                                        2961 Centerville Road, Suite 350
                                        Wilmington, DE 19808
                                        Telephone: (302) 999-9480
                                        Facsimile: (302) 800-1999
                                        Email: patent@chonglawfirm.com

                                        **Counsel for Plaintiff**
                                        **Celebration IP LLC**